453 P.2d 146

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Herbert Lee SHONDEL, Defendant and Appellant.**

**No. 11287.**

Supreme Court of Utah.

April 10, 1969.

Jay V. Barney, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Joseph P. McCarthy, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice.

The defendant was charged by information with unlawful possession of LSD (Lysergic acid diethylamide). After an unsuccessful motion to quash, the defendant admitted his possession and was found guilty of a felony as charged and sentenced to the Utah State Prison. He appeals, at-

tacking the validity of his sentence and the statute under which it was imposed.

The question here presented arises because of an uncertainty created by an overlapping of our statutes dealing with such drugs. Under what is called the Drug Abuse Control Law, enacted as Chapter 140, Session Laws of 1967 (§ 58–33–1(d) [U.C.A.1953]), it is provided:

> The term "depressant or stimulant drug" means: (3) Any drug or derivative containing any quantity of d-Lysergic acid diethylamide commonly known as LSD.

Section 58–33–2 prohibits possession and Section 58–33–4(a) provides that:

> Any person who violates any of the provisions of section 58–33–2 shall be guilty of a misdemeanor and shall on conviction thereof be subject to imprisonment for not more than one year or a fine of not more than one thousand dollars or both such imprisonment and fine; * * *.

The overlapping in our statute occurs because the same session of the legislature in Chapter 139 passed an amendment to the Narcotic Drug Act as follows:

> § 58–13a–1(16) "Narcotic drugs" means * * * LSD–25, and every substance neither chemically nor physically distinguishabe from them.

§ 58–13a–2. It shall be unlawful for any person to * * * possess * * * any narcotic drug, except as authorized in this act.

§ 58–13a–44. * * * Any person violating any other provision of this chapter *shall,* upon conviction, *be punished* for the first offense *by a fine of not less than $1,000 or by imprisonment in the Utah state prison for not exceeding five years,* or by both such fine and imprisonment, * * *.

■ We agree with the proposition advocated by the defendant that the equal protection of the laws requires that they affect alike all persons similarly situated.[1] It is therefore necessary for us to determine which of the two penalties should apply to persons found guilty of possession of LSD to obviate unequal treatment of such persons under the law.[2] We first direct attention to the generally-recognized rule that where there is conflict between two legislative acts the latest will ordinarily prevail. But in this instance that rule is not helpful. Although it is true that the Drug Abuse Control Act was the later enactment by a few days, both statutes were passed at the same session of the legislature, and they have the same effectve date. In such a situation the rule that the later act takes precedence over the former has no

1. McDonald v. Commonwealth of Mass., 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542.

2. Cf. State v. Fowler, 193 N.C. 290, 136 S.E. 709.

application unless there is a clearly-expressed intention to that effect.[3] We must therefore look to the two statutes vis-a-vis each other.

Looking at the Drug Abuse Control Act by itself, there is a clear and understandable specification of the drug and that its unlawful possession is punishable as a misdemeanor. However, if that Act is read carefully the situation is beclouded because there is another provision, § 58–33–6(g) which states:

Notwithstanding the other provisions of this act, whenever the possession, sale, transfer, or dispensing of any drug or substance would constitute an offense under this act and also constitutes an offense under the laws of this state relating to the possession, sale, transfer, or dispensing of narcotic drugs or marijuana, such offense shall not be punishable under this act but shall be punishable *under such other provision of law.*

▮▮ This reference to "such other provision of the law" leaves one concerned with compliance with the law to search elsewhere to discover whether some "other provision of the law" dealing with narcotic drugs or marijuana prescribes some other penalty for the possession of LSD. The well-established rule is that a statute creating a crime should be sufficiently certain that persons of ordinary intelligence who desire to obey the law may know how to conduct themselves in conformity with it.[4] A fair and logical concomitant of that rule is that such a penal statute should be similarly clear, specific and understandable as to the penalty imposed for its violation.

▮▮ Related to the doctrine just stated is the rule that where there is doubt or uncertainty as to which of two punishments is applicable to an offense an accused is entitled to the benefit of the lesser.[5] This impels the conclusion here that the clear, specific and lesser penalty prescribed for the offense as a misdemeanor under Sec. 58–33–2 is the one which should be imposed. We say this mindful of our statute which provides that the common-law rule of strict construction of statutes is not applicable in this state. But it is our opinion the conclusion we have reached is in harmony with that section's further mandate that our statutes should be "construed according to the fair import of their

3. Cf. In re Lewis, Okl., 380 P.2d 697.
4. See State v. Musser, 118 Utah 537, 223 P.2d 193, 194, United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516, and Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888.
5. State v. Brunson, 162 La. 902, 111 So. 321, 50 A.L.R. 1531; State v. Mitchell, 217 N.C. 244, 7 S.E.2d 567 and United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260.

terms with a view to effect the objects of the statutes and to promote justice." [6]

 It has previously been adjudicated that when the wrong sentence has been imposed, the correct procedure is to impose the proper sentence.[7] Remanded for proceedings not inconsistent with this opinion. (All emphasis added.)

CALLISTER and TUCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent. I would be constrained to concur except for the statement in the main opinion that "where there is doubt or uncertainty as to which of two punishments is applicable to an offense an accused is entitled to the benefit of the lesser." I believe that the quoted statement should be the law, and is the law in at least a great majority of the states other than Utah. In saying this I refer to State v. Twitchell, 8 Utah 2d 314, 333 P.2d 1075 (1959) in which the author of the instant opinion concurred. It seems to me that Twitchell flies in the teeth of the instant case, and unless overruled, should be controlling here. It seems to me that the Twitchell case supports the conclusion arrived at in Mr. Justice Ellett's dissent.

ELLETT, Justice (dissenting).

I dissent. The statutes are too clear for me to see any conflict whatever between them. Title 58, Chapter 33, U.C.A.1953, is known as the Drug Abuse Control Law. It in substance provides that initial violations of its provisions amount to an indictable misdemeanor, and it sets forth the punishment therefor in Sec. 58–33–4. However, it further provides by Sec. 58–33–6(g), that if a violation of one of its provisions is also a violation of the Uniform Narcotic Drug Act (Title 58, Chapter 13a), then the punishment will be under the latter (a felony) and not under the former (an indictable misdemeanor).

The same legislature which passed the Drug Abuse Control Act also amended the Uniform Narcotic Drug Act so as to include a prohibition against the possession and so forth of LSD–25 [1].

It, therefore, seems obvious to me that all the world must know and understand what the punishment for unlawful possession of LSD is. I would affirm the judgment and sentence of the trial court.

6. § 76–1–2, U.C.A.1953.
7. State v. Justice, 44 Utah 484, 141 P. 109.

1. The figure 25 indicates simply the date of discovery of the drug and does not purport to indicate any different form of drug other than LSD.