456 P.2d 168

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Tommy Otis FAIR, Defendant and Appellant.**

**Tommy Otis FAIR, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**Nos. 11121, 11195.**

Supreme Court of Utah.

July 1, 1969.

Vernon B. Romney, Atty. Gen., Bill T. Peters, Lauren N. Beasley, Joseph P. McCarthy, Asst. Attys. Gen., Salt Lake City, for John W. Turner and the State.

Jay V. Barney, John D. O'Connell, Salt Lake City, for Tommy Otis Fair.

HENRIOD, Justice:

Appeal from a jury's verdict and judgment entered thereon, for uttering a forged prescription under the Uniform Narcotic

Drug Act,[1] and from a judgment denying a petition for writ of habeas corpus filed pending the appeal, which had to do with the same problem, and which we ordered consolidated with the regular appeal. The judgment on petition for habeas corpus is affirmed (Case No. 11195, this court), and the case on the regular appeal (Case No. 11121, this court), is remanded for resentencing in accordance with the provisions of 58–17–14.13 (L.Utah 1965, Ch. 117, Sec. 2, —see Supp.1967, Replacement Vol. 6, U. C.A.1953),[2] having to do with misdemeanor provisions thereof.

At the time this case was filed and briefed in this court, the case of State v. Shondel, 22 Utah 2d 343, 453 P.2d 146 (April, 1969) had not been decided, but it became a matter of oral argument before this court on June 11, 1969. That case and this one have to do with the shifting legislative sands appurtenant to the land of narcotics and drug control. The Shondel case said an amendment by the legislature making an act subject to two legislative fiats one of which would penalize an accused as a misdemeanant, the other as a felon, gave the accused the benefit of being accountable only for the lesser of the two penalties. That case seems to be controlling here. The distinctions in the two statutes here seem to be less convincing than those suggested in the Shondel case,—and in this respect attention is directed to the legislation in that case and that here, all of which compels us consistently to send this case back for resentencing in accordance with appellant's plea that "the sentence should be reduced to a maximum of six months."

Only other point on appeal was that of twice in jeopardy. We have examined the record and conclude that this point on appeal is without merit.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring in part, dissenting in part).

I concur in affirming the trial court in the habeas corpus proceeding but dissent from that part of the decision which would remand the case for a different sentence.

1. Title 58–13a–39, Utah Code Annotated 1953 (L.Utah 1953, Ch. 94, § 2), providing that "No person shall make or utter any false or forged prescription" * * * for a narcotic, which is made a felony by 58–13a–44 of the same act.
2. "Obtaining drug or medicine by fraud, forgery or false representation prohibited. —No person shall obtain or possess, or attempt to obtain or possess, any drug or medicine intended for use by man which under the laws of this State or the laws of the United States or lawful regulations thereunder, has been designated as unsafe for use except under the supervision of a practitioner licensed to administer or prescribe such drugs or medicines: * * * (2) by the forgery or alteration of a prescription, order, report, record, or label, * * * or (6) by uttering a forged, false or altered prescription, order, report or record."

The defendant was charged in the original complaint with two counts:

## COUNT I

That the said Tommy Otis Fair, at the time and place aforesaid, did obtain the drug Dilaudid, (1), by fraud, deceit, misrepresentation, or (2), by the concealment of a material fact, or (3), by the use of a false name and address, to-wit: Frank Meldo, 906 West 9th South;

## COUNT II

That the said Tommy Otis Fair, at the time and place aforesaid, did utter a false or forged prescription.

He was bound over by the committing magistrate on the two charges, but the district attorney only charged him in the Information with the latter of the two charges.

The obtaining of a drug under Count I in the complaint is only a misdemeanor, while the uttering of a false or forged prescription is a felony. I think it is no concern of ours that there is a difference in the penalties. Whether it is a more serious matter to utter a false or forged prescription than to obtain a drug by a false name or by a false or forged prescription, etc., is a matter for legislative determination, and that determination has been made.

The defendant was convicted on the crime with which he was charged in the Information. He then was properly sentenced for that crime.

The main opinion sends the case back for sentencing under a statute which has no relationship to the crime of which this defendant was found guilty. It compels the trial court to impose a sentence for the count which was ignored by the district attorney.

The reasoning of the main opinion seems to be the same as it would be should the defendant be charged with petit larceny (a misdemeanor) and burglary in the second degree (a felony). Burglary in the second degree is the entrance, and so forth, into a building with *intent* to steal. If the district attorney elected to try the defendant for entrance with intent to steal and not the actual *stealing,* we should not require the trial court to sentence the defendant when convicted to the misdemeanor term simply because we may have a private personal opinion that actual stealing, even though petit, is worse than entering with the intent to steal. Likewise, the obtaining of money by false pretenses, when the amount is fifty dollars or less, would be a misdemeanor. The forgery of a check for ten dollars is a felony. The reasoning of the main opinion would compel the trial court to sentence one who forged a check for a sum of fifty dollars or less and who received no money to the misdemeanor term because if he had received the money without forging, he

could have only been sentenced to the county jail.

State v. Shondel referred to in the main opinion is not in point here, and even if it were, my dissent therein shows the fallacy of that case.

I would affirm the judgment of conviction and allow the sentence as imposed to stand.