475 P.2d 299

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Thomas Albert PERFETTO, Defendant and Appellant.**

**No. 11914.**

Supreme Court of Utah.

Oct. 6, 1970.

40

Phil L. Hansen, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was charged with the sale of an hallucinogenic drug, to-wit: Lysergic acid diethylamide (LSD) in violation of Section 58–33–4(3), U.C.A.1953, as amended. A trial was had and the jury returned a verdict of guilty. The defendant is here seeking a reversal of his conviction, or in the alternative, that his sentence be reduced to that of a misdemeanor.

That part of the statute under which the charge was laid declares in part as follows:

Every person who transports, imports into this state, sells, furnishes, administers or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any "depressant, stimulant, or hallucinogenic drug" shall be punished by imprisonment in the state prison from five years to life and shall not be eligible for release upon completion of sentence or on parole or on any other basis until he has served not less than three years.

The defendant urges here that that part of the statute which requires the defendant to serve not less than three years before he may become eligible for release or on parole is invalid inasmuch as it restricts the constitutional powers of the Board of Pardons. This contention is not without merit, however, we do not reach that issue in this case. At such time as the powers of the Board of Pardons are interfered with, or when the Board refuses to act in a proper case by reason of the statute, and the issue is presented to the court, the matter will then be properly before us.

█ The defendant also contends that the language of the statute above referred to was construed by the trial court as restricting its powers to grant probation in this case. The record shows that at the time of sentencing, the trial judge indicated that he did not think that probation was indicated in view of the circumstances and it would thus appear that the court did not construe the statute as restricting its powers.

█ The defendant further contends that he was denied full protection of the laws inasmuch as other statutes which deal with similar conduct punish violations as misdemeanors. Defendant calls our attention to the provisions of the Utah Food, Drug And Cosmetics Act,[1] which prohibits the sale of adulterated or misbranded drugs. The record fails to support the contention that the drug sold by the defendant was misbranded or adulterated. Evidence required to support a conviction for selling a misbranded or adulterated drug is different than the evidence required to support a conviction prohibiting the sale of LSD under the Drug Abuse Control Law. The elements of the two offenses are dissimilar.

The defendant also calls our attention to the provisions of Section 76–42–10, U.C.A. 1953, as amended, and also Section 13 of the same act which deals with the sale of psychotoxic chemical solvents. Chemical compounds included in the term "psychotoxic chemical solvent" are set forth in the statute and do not include LSD.

1. Sections 4–26–3 and 4–26–5, U.C.A. 1953, as amended.

The defendant was properly charged with the violation of the Drug Abuse Control Law and he was convicted of that offense. The record does not support the defendant's contention that he may have been charged under the provisions of other laws dealing with drugs and is entitled to be sentenced under the terms of those statutes, the violations of which are treated as misdemeanors.

In 1969, the Legislature undertook to amend the Drug Abuse Control Law, the Food, Drug And Cosmetic Act and also Chapter 42 of Title 76, dealing with psycho-toxic chemical solvents, and the amendments seem to have satisfactorily dealt with the conflicts existing in the prior statutes. These matters were dealt with in State v. Shondel,[2] and State v. Fair,[3] and would appear to have no influence on the instant case.

We find no error of record which would require a reversal, and the decision of the court below is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

2. 22 Utah 2d 343, 453 P.2d 146.