STATE of Utah, Plaintiff and Respondent,

v.

Dennis LOVELESS, Defendant and Appellant.

No. 15511.

Supreme Court of Utah.

July 13, 1978.

Jackson B. Howard of Howard, Lewis & Petersen, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Milton Hess, Davis County Atty., Steven C. Vanderlinden, Deputy County Atty., Farmington, for plaintiff and respondent.

WILKINS, Justice:

Defendant Dennis Loveless was charged with and convicted of the crime of aggravated sexual assault pursuant to Sec. 76–5–405, Utah Code Annotated, 1953, as amended, enacted in 1975. All statutory references are to said code.

This case was tried on September 14, 1977, before the District Court of Davis County, State of Utah. The jury returned a verdict of guilty to this crime, a felony in the first degree. On the 13th day of October, 1977, the District Judge sentenced the defendant to a term of five years to life in the State Prison pursuant to Sec. 76–3–203(1). Defendant appeals solely from the judgment and sentence of the Court and not from the conviction and requests this Court to vacate the judgment and sentence of the District Court and to remand this matter with directions to enter judgment and pronounce its sentence pursuant to Sec. 76–3–203(2) relating to a second degree felony, the term of which is not less than one year nor more than fifteen years.

Defendant was charged in the information as follows:

On or about the 6th day of February, 1977 . . . the above defendant did have sexual intercourse with a female not his wife . . .

The information specified the applicable statute as Sec. 76–5–405, which read at the time of the crime:

Aggravated sexual assault.—(1) A person commits aggravated sexual assault if:

(a) In the course of a rape or attempted rape or forcible sodomy or attempted forcible sodomy:

(i) The actor causes serious bodily injury to the victim; or

(ii) The actor compels submission to the rape or forcible sodomy by threat of kidnapping, death, or serious bodily injury to be inflicted imminently on any person.

(b) The victim of a rape or attempted rape or sodomy or attempted sodomy is under fourteen years of age.

(2) Aggravated sexual assault is a felony of the first degree.

It is pertinent also to note that at the time of the offense, Sec. 76–5–402 was as follows:

Rape.—(1) A male person commits rape when he has sexual intercourse with a female, not his wife, without her consent.

(2) Rape is a felony of the second degree.

 Defendant's sole claim of error on appeal is that when there are two statutes—as here—which prohibit the same

conduct but impose different penalties, he is entitled to the lesser penalty, i. e., one to fifteen years rather than five years to life. We agree, and in *Rammell v. Smith*, Utah, 560 P.2d 1108 (1977), this Court recently reannounced its adherence to the principle defendant urges [1] (though in *Rammell* this Court concluded that the proscribed conduct was not identical) by saying:

> Proceeding to the main issue in this case; we agree with petitioner's premise that where there are two statutes which proscribe the same conduct but impose different penalties, the violator is entitled to the lesser.

It is of interest to note that our Legislature in 1977, after the date of the offense in this case, amended Sec. 76–5–402, ante, by adding language to it (after retaining the penalty in rape‑cases as a second degree felony) of "unless the victim is under the age of 14, in which case the offense is punishable as a felony of the first degree"; and the Legislature also amended Sec. 76–5–405, ante, by deleting therefrom Subsection (1)(b). We believe these amendments were made because of the acknowledgment by our Legislature of the infirmity in cases such as this one of prohibiting the same conduct by two statutes but prescribing different statutory penalties therefor.

Sec. 76–5–406, enacted in 1973, and not amended in 1977, provides in pertinent part:

> An act of sexual intercourse . . . is without consent of the victim under any of the following circumstances:
>
> . . . (7) The victim is under fourteen years of age.

The record demonstrates that the only matter relied upon by the State as an aggravating circumstance under Sec. 76–5–405, enacted in 1973 and applicable to the defendant in this case, was (1)(b) thereof and not (1)(a)(i) or (ii). Hence, the State's claim that an aggravating circumstance other than the victim's age could defeat defendant's contention is without merit.

■ The State also claims that defendant waived any error on his sentence by failing to object to it *prior* to sentencing. In other words, the State claims untimeliness. We disagree, noting that defendant objected immediately after the sentence. Sec. 77–37–1 is dispositive and states:

> The verdict of the jury, and all *orders, decisions* and rulings made by the district court, or judge thereof, including rulings on objections to . . . evidence . . shall be deemed excepted to. Exceptions to instructions to the jury shall be taken . . . [Emphasis added.]

Certainly sentencing a defendant to imprisonment is an order or decision of the Court. And defense counsel's negative reply to the Court's question of was there any legal reason why sentence should not be imposed at the sentencing hearing in no way cripples or destroys defendant's objection to the sentence when he believes the limits thereof have been exceeded by law.

Reversed and remanded with instructions to sentence the defendant pursuant to Sec. 76–3–203(2).

CROCKETT, MAUGHAN and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting):

The defendant was charged by an information with the crime of aggravated sexual assault under Section 76–5–405. At the time of the offense the pertinent statutes [1] read as follows:

> Section 76–5–405. (1) A person commits aggravated sexual assault if:
>
> (a) In the course of a rape or attempted rape or forcible sodomy or attempted forcible sodomy:
>
> (i) The actor causes serious bodily injury to the victim; or
>
> (ii) The actor compels submission to the rape or forcible sodomy by threat of kidnapping, death, or serious bodily injury to be inflicted imminently on any person.
>
> (b) The victim of a rape or attempted rape or sodomy or attempted sodomy is under fourteen years of age.

---

[1] Also see *State v. Fair*, 23 Utah 2d 34, 456 P.2d 168 (1969) and *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969).

[1] Enacted by Laws of Utah, 1973, ch. 196.

(2) Aggravated sexual assault is a felony of the first degree.

Section 76–5–406. An act of sexual intercourse, sodomy, or sexual abuse is without consent of the victim under any of the following circumstances:

(1) When the actor compels the victim to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or

(2) The actor compels the victim to submit or participate by any threat that would prevent resistance by a person of ordinary resolution; or

\* \* \* \* \* \*

(7) The victim is under fourteen years of age.

Section 76–5–402. (1) A male person commits rape when he has sexual intercourse with a female, not his wife, without her consent.

(2) Rape is a felony of the second degree.

It thus appears that statutory rape was a second-degree felony. That is, when the girl is under the age of fourteen years, sexual relations with her is rape even though she actually consents, because the law does not permit her to give consent to sexual intercourse. Consensual sex relations with a girl under fourteen years of age is *statutory rape.*

Aggravated sexual assault is rape of a different order from statutory rape; it is rape committed by force or by threat of force.

The statute was amended in 1977 to eliminate victims under fourteen years of age from Section 76–5–405.[2] That amendment would not make non-criminal, acts which had theretofore been criminal at the time of commission.[3] If the *penalty* had been amended, the defendant would be entitled to any reduction in that penalty, provided the amendment was effective before or at the time sentence was pronounced upon him.[4] In the instant matter, however, the penalty for aggravated sexual assault has not been changed. It is still a felony of the first degree.

A reading of Laws of Utah, 1977, Chapter 86 reveals why Section 76–5–405 was amended to eliminate subsection (1)(b) which related to victims under fourteen years of age. The legislature, at the same time, amended Section 76–5–402[5] to read:

. . . (2) Rape is a felony of the second degree unless the victim is under the age of 14, in which case the offense is punishable as a felony of the first degree.

The 1977 amendments were not effective until May 10, 1977, and the crime herein was committed in February, 1977.

The appellant did not bring any of the record before this Court other than the information under which he was charged and convicted and the verdict rendered by the jury. In such a case we presume the evidence was sufficient to sustain the verdict and judgment.[6] We, therefore, must assume that the defendant had sexual intercourse with the victim by force and violence and without her consent. The crime then would be aggravated sexual assault and the penalty for aggravated sexual assault was, and still is, that for a first-degree felony.

I think the trial judge imposed the proper sentence upon the defendant and the judgment should be affirmed.

2. Enacted by Laws of Utah, 1977, ch. 86, Sec. 4.

3. *State v. Williams*, 286 N.C. 422, 212 S.E.2d 113, 120 (1975); *U. S. v. Fiore*, 467 F.2d 86 (2nd Cir. 1972), *cert. denied*, 410 U.S. 984, 93 S.Ct. 1510, 36 L.Ed.2d 181 (1973).

4. *Belt v. Turner*, 25 Utah 2d 230, 479 P.2d 791 (1971).

5. Previously enacted by Laws of Utah, 1973, ch. 196; amended by Laws of Utah, 1977, ch. 86, Sec. 1.

6. *Nagle v. Club Fontainbleu*, 17 Utah 2d 125, 405 P.2d 346 (1965); *Petty v. Gindy Mfg. Corp.*, 17 Utah 2d 32, 404 P.2d 30 (1965).