STATE of Utah, Plaintiff and Respondent,

v.

Peter Andre LEVIN, Defendant and Appellant.

Peter Andre LEVIN, Plaintiff and Appellant,

v.

Samuel SMITH, Warden of the Utah State Prison, Defendant and Respondent.

Nos. 15644, 15930.

Supreme Court of Utah.

Oct. 30, 1978.

Joseph C. Fratto, Jr. of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

The appeals in the above-entitled cases were consolidated on appeal to this Court. In the case of *State v. Levin*, the defendant was charged with unlawful possession of a stolen motor vehicle, a third degree felony. The defendant was found guilty and sentenced to serve an indeterminate term in the Utah State Prison. After the defendant was found guilty he filed a petition for a writ of habeas corpus in the District Court of Salt Lake County alleging his commitment to the Utah State Prison was invalid. A hearing was had and at the conclusion thereof the court denied Levin's application for a writ. We affirm.

On November 2, 1977, Stephanie Hancock drove her father's station wagon to the West High School in Salt Lake City where she parked it in the parking lot. She returned in a few hours and discovered that the automobile was missing. The disappearance of the automobile was reported to the Salt Lake City Police Department. On November 4, 1977, John MacIntyre, a security officer for Sears was contacted by a "Mr. Bates" who stated he was with a person who he believed had stolen the automobile in which they had been riding. MacIntyre called the police and then walked out of the store to the parking lot where the car in question was parked. He observed Bates get into the passenger seat and another person entered the car on the driver's side. He testified the person who got into the driver's seat resembled the defendant. About 6:30 p. m. the same day Brent Elcock, a police officer of Salt Lake City, was contacted by a Byron Bates who directed him to a station wagon parked in front of the Pal-D-Mar bowling alley in downtown Salt Lake City. The officer testified he returned to the police station where he observed the defendant talking to the desk sergeant. Elcock directed Officer Ray Dowling to remain in the area of the automobile, and asked the desk sergeant to inform him when the defendant left the station. Elcock testified that on his return to the scene Officer Dowling had arrested the defendant. Officer Ray Dowling testified that after Elcock had left to go to the station he disabled the vehicle and remained in a position where he could observe the same. He observed the defendant approach the automobile and enter the driver's seat. Dowling approached the automobile, opened the driver's door, and observed the defendant drop a screwdriver. Officer Elcock arrested the defendant and transported him to the county jail. After giving defendant the *Miranda* warning, during the ride to the jail defendant stated to the officer another person whose name he did not know had stolen the car; and that he, the defendant, had merely been riding in it. On searching the defendant's person after the arrest a number of items were found consisting of a screwdriver, a twelve-inch length of wire with alligator clips on the end, pliers, a key ring with several different keys, a blank Ford key, and alarm lock keys. In addition thereto a pair of bolt cutters was found in the vehicle.

The trial court found defendant guilty of a violation of Sec. 41–1–112, U.C.A.1953, as amended, which is in the following language:

Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or

unlawfully taken, receives, or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony.

Defendant does not contend the evidence does not support the court's finding he was guilty. It is the defendant's contention here in the criminal case as well as in the habeas corpus proceeding that he should have been sentenced pursuant to the provisions of Sec. 41–1–109, U.C.A.1953, which reads as follows:

Any person who drives a vehicle, not his own, without the consent of the owner thereof and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same is guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving is guilty of a misdemeanor.

In support of his contention defendant draws our attention to the former decisions of this Court, *State v. Shondel,*[1] *State v. Fair,*[2] and *Rammell v. Smith.*[3] We do not disagree with those decisions but are of the opinion they have no application here. The facts in this case do not support the conclusion the vehicle was taken temporarily without the owner's permission. The lock cylinder had been removed so the vehicle could be started and driven without a key. The owner of the vehicle had been deprived its use from November 2, to November 4, when it was recovered from the defendant.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

1. 22 Utah 2d 343, 453 P.2d 146.

2. 23 Utah 2d 34, 456 P.2d 168.