STATE of Utah, Plaintiff and
Respondent,

v.

Joseph VERDIN, Defendant
and Appellant.

No. 16048.

Supreme Court of Utah.

May 3, 1979.

Joseph C. Fratto, Jr., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant-Appellant ("Verdin") appeals from his felony conviction of aggravated assault under Section 76–5–103(b) of the Utah Criminal Code. The case was tried without a jury. Verdin does not contend that his right to trial by jury was in any way infringed. He primarily contends that the code subsection under which he was convicted proscribes the same conduct as does Criminal Code Section 76–10–506 which categorizes that conduct as a misdemeanor. When the same conduct is proscribed by two criminal statutes providing different penalties, Verdin argues, the convicted person is entitled to be sentenced under the section providing the lesser penalty.

The validity of the legal proposition Verdin advances is based on sound authority, *State v. Loveless,* Utah, 581 P.2d 575 (1978); *Rammell v. Smith,* Utah, 560 P.2d 1108 (1977), but the actions prohibited by the above cited statutes are clearly separate and distinct. The conduct criminalized by 76–5–103(b) is the use of "a *deadly* weapon or such means or force likely to produce *death or serious bodily injury*" in an "attempt, with unlawful force or violence, to do bodily injury to another" or in making a "threat, accompanied by a show of immediate force or violence, to do bodily injury to another." The conduct proscribed by 76–10–506, on the other hand, is (except in self-defense) the drawing or exhibition of "any *dangerous* weapon in an angry and threatening manner" or its unlawful use in a fight or quarrel. The distinctions in levels of proscribed conduct are clear and easily to be comprehended.

Credible evidence in this case establishes all the elements of the higher crime, i. e., that Verdin aimed a *deadly* weapon, a loaded rifle, at a police officer, worked the action to put a shell into the firing chamber, and attempted to pull the trigger while declaring his intention to "smoke" the officer. This is quite a different and more reprehensible course of action than exhibiting a dangerous weapon in a threatening manner.

While the record includes testimony which, if believed, might exonerate Verdin from the felony charge, assessment of the credibility of witnesses was the prerogative and function of the trial judge in the posture of this case, *State v. Howard,* Utah, 544 P.2d 466 (1975).

The sentence and conviction are affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.