**Mark George HELMUTH, Petitioner and Appellant,**

v.

**Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.**

No. 16239.

Supreme Court of Utah.

July 3, 1979.

Randall T. Gaither, Salt Lake City, for petitioner and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., for defendant and respondent.

CROCKETT, Chief Justice:

Petitioner Mark George Helmuth appeals to overturn a judgment of the district court which rejected his petition in habeas corpus challenging his sentence of a term in the state prison for conviction of a felony under 58–37–8(4)(a)(iii), U.C.A.1953, of the "Utah Controlled Substances Act." The Act provides:

> It shall be unlawful for any person . . . to make any false or forged prescription or written order for a controlled substance, or to utter the same . . . .[1]

He contends that he was entitled to be sentenced only for a misdemeanor under 76–6–501(1)(b) of the criminal code which states:

> A person is guilty of a forgery if, with a purpose to defraud anyone . . . he . . . makes, . . . or utters any writing so that the writing . . . purports to be the act of another.[2]

The petitioner was charged with two counts of uttering a forged prescription, in violation of secs. 58–37–8(4)(a)(iii) and (iv), and with one count of actually obtaining a controlled substance by fraud, in violation of 58–37–8(4)(a)(ii). Pursuant to discussions and an agreement·between himself, respective counsel, and with the approval of the court, the petitioner pled guilty to the first count on the condition that the other two counts be dismissed. Accordingly, on September 23, 1977, he was sentenced on the first count and placed on probation. A year and one half later, pursuant to proper proceedings, he was found to be in violation of his probation and was committed.

The petitioner then instituted this proceeding in habeas corpus in which he contends (a) that he did not knowingly and voluntarily enter a plea of guilty because he was not informed of the possible sentence for the offense; and (b) that an improper sentence was in fact imposed.

Speaking generally about the petitioner's contentions, these observations are pertinent. He seems to have been willing enough to accept the sentence and the probation granted him at that time. He failed to raise any question or to appeal; and it was not until his own misconduct resulted in his commitment that he petitioned in habeas corpus in what amounts to a belated appeal on claims of error that could and should have been raised on a proper appeal,[3] which it is well settled that he is ordinarily not entitled to do.[4]

The foregoing should adequately dispose of petitioner's contentions. However, in view of the issue as to the validity of the sentence imposed, we have chosen in this instance to proceed upon the assumption that if there were any real substance to petitioner's claims of violation of his constitutional rights, they should be inquired into under the somewhat broadened view of habeas corpus which we have adopted: that it may be invoked to examine into any such manifest unfairness, or failure to accord due process of law, that it would be wholly unconscionable not to inquire into the alleged grievance.[5]

In regard to petitioner's allegation that he did not knowingly and voluntarily enter his plea of guilty, we make this fur-

1. Sec. 58–37–8(4)(b) of the Act provides for punishment by imprisonment "for not more than five years or by a fine of not more than $5,000, or both."

2. As provided by Sec. 76–6–501(4), all forgery not classified as either a second or third degree felony is a class A misdemeanor, which is punishable by a term not exceeding one year. See 76–3–204(1). It is this term which the petitioner claims should be applied.

3. *Zumbrunnen v. Turner*, 27 Utah 2d 428, 497 P.2d 34 (1972). See also *Reddish v. Smith*, Utah, 576 P.2d 859 (1978).

4. *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967); *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968); *Gee v. Smith*, Utah, 541 P.2d 6 (1975); *Webster v. Jones*, Utah, 587 P.2d 528 (1978).

5. 39 Am.Jur.2d, Habeas Corpus, secs. 18, 30; *Brown v. Turner*, supra note 4. See also *In re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249 (1976).

ther observation: it appears that at the time of the discussions and agreement, he was represented by competent counsel; and that he was present in court when the motions were made and the plea entered. Inasmuch as the record fails to indicate anything to the contrary, it is to be presumed that the proceedings were carried out in accordance with the requirements of law, including the ascertainment of his understanding of the offense charged and of the consequences of his pleading guilty to it.[6]

Notwithstanding what has been said above about the limitations of habeas corpus in examining into matters which could have been remedied on an appeal, we do not doubt that where it is made to appear that there is a genuine question as to the lawfulness of the sentence under which one is deprived of his liberty, the ancient and honored writ may be invoked to test its validity.[7]

The gravamen of petitioner's argument as to improper sentence is that since both 58–37–8(4)(a)(iii) and 76–6–501(1)(b) proscribe forgery, the offenses prohibited are the same and that he should have been sentenced for the misdemeanor of forgery.

We recognize the soundness of his contention that where two statutes interdict the same conduct, but impose different penalties, the violator is entitled to the lesser punishment.[8] The fallacy in the petitioner's argument is that the statutes referred to do not prohibit the same conduct. The "Utah Controlled Substances Act"[9] provides for comprehensive regulation of so-called controlled substances, which consist of opiates, narcotics and other deleterious drugs. Section 58–37–8(4)(a)(iii) under which the plaintiff was convicted, is specifically designed to prohibit the presentation of false or forged prescriptions to obtain such controlled substances without valid authorization. Whereas, by way of contrast thereto, Section 76–6–501 is in the criminal code. It deals generally with the crime of forgery of any written document for the purpose of defrauding another. It is thus so clear as to be beyond question that the two statutes deal with offenses of an entirely different nature; and inasmuch as the former act applies more specifically to the plaintiff's offense, it takes precedence over the latter act.[10]

Correlated to the foregoing, it is to be noted that the legislature has expressly provided in section 58–37–19 of the "Controlled Substances Act" that "whenever . . . the penalties imposed relating to substances controlled by this act shall be or appear to be in conflict with . . . any other laws of this state, the provisions of this act shall be controlling." Thus, even if petitioner were correct in his postulate that the statutes referred to prohibit the same conduct, the legislature has declared that the provisions of Title 58, chapter 17, rather than those contained in the criminal code, are to be applied in offenses relating to narcotic drugs.

For the reasons herein stated, it is our conclusion that the trial court correctly rejected the petitioner's contentions.

Affirmed. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

6. See *Guglielmetti v. Turner*, 27 Utah 2d 341, 496 P.2d 261 (1976).

7. *Rammell v. Smith*, Utah, 560 P.2d 1108 (1977) and authorities cited therein.

8. *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969); *Rammell v. Smith*, supra, note 7; *State v. Loveless*, Utah, 581 P.2d 575 (1978).

9. 58–37–1 et. seq., U.C.A.1953.

10. 73 Am.Jur.2d, Statutes, sec. 257; *State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973); *In re Smart*, 54 Haw. 250, 505 P.2d 1179 (1973).