### STATE of Utah, Plaintiff and Respondent,

v.

### Elias George CROSS, Defendant and Appellant.

### No. 17557.

Supreme Court of Utah.

June 25, 1982.

D. Gilbert Athay, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert R. Wallace, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals his conviction of the offense of kidnapping a minor, a felony of the third degree.[1] His contentions of error are that: 1) the trial court improperly refused to instruct the jury that the offense of unlawful detention is a lesser included offense; 2) the evidence was insufficient to prove the minority of the victim; and 3) that his alleged acts constituted the misde-

1. In violation of U.C.A., 1953, 76–5–301(1)(d).

meanor offenses of unlawful detention and custodial interference and that he was therefore entitled to be sentenced as a misdemeanant.

T. B., the victim in this case, was alone in the home where she lived with her family when defendant rang the doorbell. T. B. answered the door and defendant asked her whether there was a boat for sale at that location. After some discussion, defendant asked for the name and phone number of T. B.'s mother, entering the home as T. B. turned to write down the information. Defendant then told T. B. that he was a magician and offered to show her how to escape from a tied-up position. Finding a dish towel in the kitchen, he asked her to hold her hands behind her back. T. B. refused and told defendant to leave, but he then forcibly tied her hands and pushed her into the bedroom. After a brief struggle, T. B. heard her mother enter the house and she then screamed for help. Defendant ran from the house to the street where he was stopped by a police officer.

The well-established rule of law which defines what constitutes a lesser included offense is dispositive of defendant's first point on appeal. The rule is as was stated in *State v. Brennan* : [2]

> The rule as to when one offense is included in another is that the greater offense includes a lesser one when establishment of the greater would necessarily *include proof of all of the elements necessary to prove the lesser.* Conversely, it is *only when the proof of the lesser offense requires some element not involved in the greater offense that the lesser would not be an included offense.* [Emphasis added; citation omitted.]

The foregoing rule is also set forth in U.C.A., 1953, 76–1–402(3)(a), which provides that one may be convicted of an offense included in the offense charged when:

> It is established by proof of the same or less than all of the facts required to establish the commission of the offense charged . . . .

Applying the foregoing rule to the facts of this case, it appears that the offense of unlawful detention is not a lesser included offense of kidnapping a minor for the reason that it requires proof of the element of "substantial interference with liberty" which is not an element of the greater offense of kidnapping a minor. This is to be seen by a comparison of the respective elements of the two offenses as defined by statute. U.C.A., 1953, 76–5–301 defines four separate offenses of kidnapping as follows:

> (1) A person commits kidnaping when he intentionally or knowingly and without authority of law and against the will of the victim:
>
> (a) Detains or restrains another *for any substantial period*; or
>
> (b) Detains or restrains another in circumstances *exposing him to risk of serious bodily injury*; or
>
> (c) Holds another in *involuntary servitude*; or
>
> (d) Detains or restrains a minor *without consent of its parent or guardian.*
>
> (2) Kidnaping is a felony of the third degree. [Emphasis added.]

U.C.A., 1953, 76–5–304 defines unlawful detention as:

> (1) A person commits unlawful detention if he knowingly restrains another unlawfully *so as to interfere substantially with his liberty.*
>
> (2) Unlawful detention is a class B misdemeanor. [Emphasis added.]

The fact that the legislature saw fit not to require "substantial interference with liberty" as an element of the offense of kidnapping a minor reflects a wholly warranted effort to afford special protection to a class of kidnap victims that are least able, because of their tender age, to fend for themselves.

In regard to defendant's second assertion of error, that of the sufficiency of

**2.** 13 Utah 2d 195, 371 P.2d 27 (1962); see also *State v. Williams*, Utah, 636 P.2d 1092 (1981); *State v. Elliott*, Utah, 641 P.2d 122 (1982).

the evidence as to the victim's minority, the record shows that T. B.'s mother, two police officers and the defendant himself referred to T. B. in testimony as a "child" or "little girl." Officer Dan Stowe testified that she appeared to be about ten years of age. The jurors themselves observed T. B. as she testified and were able to determine from her appearance and behavior whether reasonable doubt existed as to whether she was a minor.

In reaching their verdict, the jurors were entitled to "consider all of the facts affirmatively shown, as well as any unexplained areas, and draw whatever inferences may fairly and reasonably be drawn therefrom in light of their own experience and judgment." [3] Here, the evidence clearly was sufficient to support the determination of the jurors, through their own experience and judgment,[4] that T. B. was a minor.

■ Defendant's final point on appeal is that since U.C.A., 1953, 76–5–301 (kidnapping), 76–5–303 (custodial interference) and 76–5–304 (unlawful detention) all deal with crimes of restraint, he is entitled to the benefit of the lesser penalty imposed by the latter misdemeanor statutes instead of the kidnapping penalty which he in fact received. Defendant relies on the rule of *State v. Shondel*,[5] that where one of two statutes proscribing the same conduct prescribes a lesser penalty than the other, the defendant may be punished only to the extent of the lesser penalty.

This rule, however, has no application to the instant case in which each of the statutes referred to by defendant proscribes different conduct.[6] Defendant's attempt to show that the three crimes cited are indistinguishable contradicts his earlier assertion that unlawful detention is a lesser offense than kidnapping and ignores the clear language of the statutes themselves. Defendant has shown no reason why he should be sentenced under a statute different from the one under which he was convicted.

The conviction and judgment are affirmed.

OAKS and HOWE, JJ., and CALVIN GOULD, District Judge, concur.

STEWART, J., concurs in the result.

DURHAM, J., does not participate herein.

---

3. *State v. John*, Utah, 586 P.2d 410 (1978).

4. *Id.*

5. 22 Utah 2d 343, 453 P.2d 146 (1969).

6. See *State v. Clark*, Utah, 632 P.2d 841 (1981).