*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 60**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH
*Petitioner*,

*v.*

THOMAS RANDALL AINSWORTH
*Respondent.*

No. 20160173
Filed September 5, 2017

On Certiorari to the Utah Court of Appeals

Attorneys:

Sean D. Reyes, Att'y Gen., Jeffrey S. Gray, Asst. Solic. Gen., Sandi Johnson, Salt Lake City, for petitioner.

Lori J. Seppi, David P.S. Mack, Salt Lake City, for respondent.

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE PEARCE, and JUDGE POWELL joined.

Having recused himself, JUSTICE HIMONAS does not participate herein; FOURTH DISTRICT COURT JUDGE KRAIG J. POWELL sat.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 The Utah Code prescribes two sets of offenses for drivers who cause death or serious bodily injury with alcohol or drugs in their system. Under the DUI provisions of the code it is a third degree felony to cause death or serious bodily injury while under the influence of alcohol or any drug "to a degree that renders the

person incapable of safely operating a vehicle."[1] The "measurable substance" provisions set forth a related offense. Under these provisions it is a second degree felony to cause death or serious bodily injury with any "measurable" amount of a Schedule I or Schedule II drug in the person's body.[2]

¶2    Thomas Ainsworth challenges the constitutionality of these provisions. Ainsworth was convicted of three second degree felonies under the measurable substance provisions. But he asserts constitutional grounds for a reduction of each charge to a third degree felony under the DUI provisions. And he also challenges the decision to impose consecutive sentences for the three counts against him.

¶3    The court of appeals agreed with Ainsworth in part. It deemed the measurable substance crime a "lesser offense" because the measurable substance provisions do not require proof of a driver's impairment. With this in mind, the court of appeals concluded that the classification of Ainsworth's crimes as second degree felonies under the measurable substance provisions ran afoul of the Uniform Operation of Laws Clause of the Utah Constitution. And it accordingly vacated Ainsworth's convictions and remanded for the entry of third degree felony convictions and for resentencing. In so doing, however, the court of appeals rejected Ainsworth's challenge to the imposition of consecutive sentences, affirming the district court's sentencing to that degree.

---

[1] UTAH CODE § 41-6a-502(1)(b); *id.* § 41-6a-503(2) (third degree felony to inflict serious bodily injury as a result of operating a vehicle in a negligent manner and in violation of section 502); *id.* § 76-5-207(2) (third degree felony to cause death of another by operating motor vehicle in negligent manner and under the influence of alcohol or any drug rendering the person incapable of safely operating the vehicle).

[2] *Id.* § 41-6a-517 (defining the elements of the measurable substance offense); *id.* § 58-37-8(2)(h) (second degree felony to operate vehicle in negligent manner while knowingly and intentionally having measurable amount of Schedule I or Schedule II substance in the person's body and causing serious bodily injury or death of another).

¶4 We reverse in part and affirm in part. First, we uphold the constitutionality of the legislature's classification of offenses in the DUI and measurable substance statutes and reverse the court of appeals' decision vacating Ainsworth's second degree felony convictions under the Uniform Operation of Laws Clause. Second, we affirm the court of appeals' decision upholding the imposition of consecutive sentences for the three counts of conviction. Accordingly, we reinstate the convictions and sentences as entered and imposed against Ainsworth in the district court.

I

¶5 On Christmas Eve 2011, Thomas Ainsworth drove his car over a median and crashed head-on into another vehicle. An 18-month-old boy was killed and both of his parents were seriously injured in the accident.

¶6 Ainsworth had methamphetamine in his system at the time of the accident. He was charged with three counts of causing substantial bodily injury or death while negligently driving a car with a measurable amount of a Schedule II controlled substance in his body. The charged offenses were second degree felonies under Utah Code section 58–37–8(2).

¶7 Ainsworth moved to amend the charges on constitutional grounds. First, he challenged the classification of his alleged offenses—as second degree felonies—under the measurable substance provisions of the Utah Code. He noted that the alleged offenses would have been classified as third degree felonies if charged under the DUI provisions of the code. And he challenged the rationality of the legislature's decision to increase that classification through the measurable substance provisions under the Uniform Operation of Laws Clause of the Utah Constitution.

¶8 Ainsworth also asserted an alternative basis for challenging the measurable substance charges under the Uniform Operation of Laws Clause. He noted that the measurable substance provisions recognize a defense for those who have a prescription for the controlled substance, or otherwise use the substance in a legal manner. And he alleged that this amounts to irrational discrimination in favor of those who have a prescription and against those who don't.

¶9    The district court rejected both arguments. It upheld the prosecution's decision to classify the charges against Ainsworth as second degree felonies under the measurable substance provisions.

¶10    Ainsworth reserved his right to appeal but pled guilty to the three second degree felonies under the measurable substance provisions. The district court then sentenced Ainsworth to three prison terms of one to fifteen years. Over Ainsworth's objection, the district court ordered that those sentences should be served consecutively.

¶11    Ainsworth filed a timely appeal. The court of appeals endorsed the first of Ainsworth's uniform operation arguments. It noted that the measurable substance statute applies "in an offense not amounting to a violation of [the DUI statute]" where the defendant "knowingly and intentionally [has] in the person's body any measurable amount" of a controlled substance and "operates a motor vehicle . . . in a negligent manner." *State v. Ainsworth*, 2016 UT App 2, ¶ 8, 365 P.3d 1227 (second and third alterations in original) (quoting UTAH CODE § 58–37–8(2)(a)(i), (g) & (h)(i)). Thus, the court of appeals observed that the measurable substance provisions do not require proof of actual impairment of the driver. *Id.* ¶ 17. And on that basis the court of appeals deemed the measurable substance crime a "lesser crime." *Id.* ¶ 16. It accordingly held that the classification of this crime as a greater offense—a second degree felony rather than a third degree felony—ran afoul of the Uniform Operation of Laws Clause. *Id.* ¶ 17. Thus, the court vacated Ainsworth's sentence and remanded for resentencing—with the direction that Ainsworth be resentenced to three third degree felonies.

¶12    In so doing, the court of appeals nonetheless proceeded to affirm the district court's decision to impose Ainsworth's sentences consecutively. It acknowledged that the question presented was moot because there was no longer a sentence to evaluate. *Id.* ¶ 19. But the court of appeals still addressed the issue because it had been fully briefed and was likely to arise again on remand. *Id.* On this point the court of appeals affirmed the district court. It found no abuse of discretion because the district court considered all of the factors of relevance to this decision and balanced them in a permissible way. *Id.* ¶ 21.

¶13 We granted the State's petition for certiorari and Ainsworth's cross-petition on the imposition of consecutive sentences. We review the court of appeals' decision for correctness, without according any deference to its analysis. *Wasatch Cty. v. Okelberry*, 2008 UT 10, ¶ 8, 179 P.3d 768. In so doing, however, we note that our review of the correctness of the court of appeals' analysis may depend in part on whether it afforded the appropriate level of review to the district court's decisions. *Id.*

II

¶14 The State challenges the court of appeals' decision overriding the classification of Ainsworth's offenses on uniform operation of laws grounds. And Ainsworth on cross-petition asserts error in the decision upholding the imposition of consecutive sentences. We reverse the court of appeals on the first point but affirm it on the second.

A

¶15 Ainsworth advances two uniform operation grounds[3] for questioning the classification of his offenses as second degree felonies under the measurable substance provisions of the Utah Code. First is the assertion that it is irrational to classify a measurable substance-based offense as a more serious crime than a DUI-based offense. Second is the alleged lack of a rational basis for the distinction between those who have a prescription for a controlled substance and those who do not.

¶16 The court of appeals endorsed the first argument but rejected the second. We reject both. We uphold the

---

[3] Ainsworth also vaguely asserts a due process basis for his challenge. But he does not identify a distinct basis in the Due Process Clause for his constitutional challenge. His briefing just recasts his uniform operation arguments in due process terms — asserting that the measurable substance classification falls short under the Due Process Clause because there is no rational basis for punishing the (purportedly lesser) measurable substance offense more harshly than the DUI offense. For that reason we do not treat the due process claim separately in this opinion. We treat it as Ainsworth does — as a mere restatement of the uniform operation challenge — and reject it for reasons set forth below.

constitutionality of the classification of Ainsworth's offenses as second degree felonies under the measurable substance provisions.

1

¶17   A driver who causes death or serious bodily injury with alcohol or drugs in his body may be subject to one of two offense classifications under the Utah Code. The crime could be a third degree felony under the DUI provisions of the code—if it can be shown that the alcohol or drug influenced the driver "to a degree that renders the person incapable of safely operating a vehicle."[4] And the crime could be a second degree felony under the measurable substance provisions—without any proof of impairment of the driver's ability to safely operate a vehicle.[5]

¶18   This was the basis for the court of appeals' decision to override the classification of Ainsworth's crimes as second degree felonies. Because the measurable substance provisions do not require proof of impairment, the court of appeals viewed crimes charged under those provisions as "lesser crime[s]." *Ainsworth*, 2016 UT App 2, ¶ 16. And it accordingly found the governing statutory scheme unconstitutional under the Uniform Operation of Laws Clause. It concluded, specifically, that there was no "rational basis for punishing individuals who have '*any measurable amount*' of controlled substance in their bodies more harshly than individuals who have an *incapacitating amount* of the substance in their bodies." *Id.* ¶ 9 (emphases added). And it

---

[4] UTAH CODE § 41-6a-502(1)(b); *id.* § 41-6a-503(2) (third degree felony to inflict serious bodily injury as a result of operating a vehicle in a negligent manner and in violation of section 502); *id.* § 76-5-207(2) (third degree felony to cause death of another by operating motor vehicle in negligent manner and under the influence of alcohol or any drug rendering the person incapable of safely operating the vehicle).

[5] *Id.* § 41-6a-517 (defining the elements of the measurable substance offense); *id.* § 58-37-8(2)(h) (second degree felony to operate vehicle in negligent manner while knowingly and intentionally having measurable amount of Schedule I or Schedule II substance in the person's body and causing serious bodily injury or death of another).

accordingly endorsed Ainsworth's assertion that the code "punishes less culpable offenders with a significantly higher level of punishment." *Id.* ¶ 13.

¶19 We view the matter differently. The measurable substance provisions do not define a "lesser crime." And offenders under these provisions are not "less culpable." They are more culpable in the view of the legislature. Unlike the court of appeals, moreover, we see a rational basis for this classification. It is true that the measurable substance provisions do not require proof of an "incapacitating amount" of a drug; "any measurable amount" is sufficient. *Id.* ¶ 9. But the measurable substance provisions require an element not required under the DUI laws: A second degree felony is established under the measurable substance provisions only upon a showing that the drug in question is a Schedule I or II substance. *See* UTAH CODE § 58-37-8(2)(h). The DUI provisions are different. They are triggered by the use of alcohol or *any drug*. *See id.* § 41-6a-502(1)(b); *id.* § 76-5-207(2). And the legislature obviously deemed that difference significant. It was so concerned about the use of Schedule I or II drugs by drivers that it deemed that element enough to bump the offense level to a second degree felony (even in cases in which there is no showing of actual impairment).

¶20 We see nothing irrational in that decision. Schedule I and II drugs are those viewed as having a greater potential for abuse and a greater risk of dependence than other controlled substances. *See* UTAH CODE § 58-38a-204(1)–(5); 21 C.F.R. §§ 1308.11–1308.15. That concern can certainly sustain a rational decision by the legislature to punish the use of these substances more harshly than the use of other substances. *See State v. Outzen*, 2017 UT 30, ¶ 23, __ P.3d __ (upholding Utah Code section 41-6a-517 against similar constitutional attack; concluding that classification treating those with a valid prescription differently may be understood to "promote[] public safety by discouraging individuals who have ingested controlled substances from operating motor vehicles and creating potentially dangerous driving conditions"). And that is sufficient to sustain the constitutionality of this statutory scheme.

¶21 The court of appeals' contrary conclusion seems rooted in its concern about the arbitrariness of a prosecutor's charging decision in this field. In reversing Ainsworth's second degree felony convictions and reducing them to third degree felony convictions, the court of appeals expressed the view that there is no "rational basis for charging" a second degree felony under the

measurable substance provisions instead of a third degree felony under the DUI provisions. *Ainsworth*, 2016 UT App 2, ¶ 17. This concern implicates a line of our cases—tracing back to *State v. Shondel*, 453 P.2d 146 (Utah 1969). Yet neither the parties nor the court of appeals cited the *Shondel* line of cases in the court of appeals. And that line of cases alleviates the charging concern cited by the court of appeals.

¶22 *Shondel* enforces a narrow principle of uniform operation or equal protection of the laws. The *Shondel* principle is implicated at the intersection of duplicative criminal statutes. In that context our cases have warned of the risk of arbitrary prosecutorial discretion. And *Shondel* articulated a rule of interpretation aimed at eliminating that risk.

¶23 In *Shondel* we confronted a circumstance in which the legislature had simultaneously enacted two statutes criminalizing the possession of LSD—one classifying the crime as a misdemeanor and the other deeming it a felony. *Id.* at 147. The defendant, charged with a felony, raised a uniform operation objection, asserting a right to the lesser, misdemeanor charge. This court sustained that objection. *Id.* at 148. We held that the defendant could not properly be charged with a felony in those circumstances and was entitled to the misdemeanor charge. *Id.* We noted, in so holding, that the two statutes at issue had been "passed at the same session of the legislature" and had "the same effective date." *Id.* at 147. With that in mind, we noted that we could not give effect to the "generally-recognized rule that where there is conflict between two legislative acts the latest will ordinarily prevail." *Id.* Thus, because both statutes had the same effective date and classified the same crime differently, we treated the lesser (misdemeanor) provision as controlling.

¶24 *Shondel* was not a picture of clarity. The principle driving the decision, moreover, has been often misunderstood and frequently misapplied. Our more recent cases, however, have limited and clarified the *Shondel* decision. And they do so in a manner that avoids any *Shondel* issue here.

¶25 "[T]he *Shondel* doctrine treats as irrelevant the conduct of a particular defendant; only the content of the statutes matters." *State v. Williams*, 2007 UT 98, ¶ 14, 175 P.3d 1029. Thus, the *Shondel* doctrine "applies only when 'two statutes are wholly duplicative as to the elements of the crime.'" *Id.* (citation omitted). "If each

statute 'requires proof of some fact or element not required to establish the other,' there is no *Shondel* problem. . . ." *State v. Arave*, 2011 UT 84, ¶ 13, 268 P.3d 163 (quoting *State v. Clark*, 632 P.2d 841, 844 (Utah 1981)).

¶26 The above implies a two-step formulation of the *Shondel* inquiry. A threshold question is whether the elements of two statutes are wholly duplicative. If each statute requires proof of some fact or element not required to establish the other, then there is no *Shondel* problem—no complete overlap and thus no barrier to a discretionary charge under one or the other provision.

¶27 The second question concerns the timing of enactment of the two statutory provisions. Even if two statutes are wholly duplicative, *Shondel* does not necessarily require a reduction to the lesser offense. This requirement is triggered only as to two provisions with identical effective dates. Otherwise the later-enacted provision will be deemed to impliedly repeal the earlier one.

¶28 This two-part test puts to rest the *Shondel* issue in this case. First, the DUI and measurable substance provisions are not wholly duplicative. Each set of statutes requires proof of an element not required by the other. The extra element in the DUI provisions is apparent: To establish a third degree felony under these provisions it must be shown that the defendant is "under the influence" of alcohol or a drug "to a degree that renders the person incapable of safely operating a vehicle." UTAH CODE § 41-6a-502(1)(b). Though less obvious, the measurable substance provisions also require an additional element: A second degree felony can be established under these provisions only upon proof of a measurable amount of a particular kind of drug—a Schedule I or II substance. *Id.* § 58-37-8(2)(h).

¶29 This shows that these two offenses are not wholly duplicative. And it forecloses the court of appeals' determination that the measurable substance crime is a "lesser crime." It is possible to see it that way given that the DUI provisions require proof of impairment. But the legislature apparently viewed the matter differently. It considered the use of a Schedule I or II drug a sufficient concern that it deemed the mere presence of such a substance adequate to trigger a second degree felony—even without proof of impairment. And that is its prerogative. We are in no position to second-guess that decision by concluding that we

think the element of impairment a more significant aggravator than the presence of a particular drug.

¶30   Second, and in any event, the measurable substance provisions were enacted after the DUI provisions. This is an independent basis for our holding. Even if the two provisions defined duplicative crimes we would give effect to the legislature's final say in the matter—and that is to classify Ainsworth's crime as a second degree felony.

¶31   For these reasons we reverse the court of appeals. We uphold the classification of Ainsworth's offense as a second degree felony against his first argument under the Uniform Operation of Laws Clause.

2

¶32   A defendant charged with a second degree felony under the measurable substance provisions may defend on the ground that the substance in question was "prescribed by a practitioner for use by the accused." UTAH CODE § 41-6a-517(3)(b). This provision accordingly distinguishes between those who use Schedule I or II drugs under a prescription and those who have no prescription. And Ainsworth challenges this distinction on uniform operation grounds. He asserts that there is no rational basis for a preference for drug use under a prescription, contending that the existence of a prescription has no effect on the level of a driver's impairment.

¶33   We reject this argument on the basis of our recent decision in *State v. Outzen*. 2017 UT 30. In *Outzen* we upheld the reasonableness of the prescription defense in the measurable substance statute against a uniform operation challenge. We held that the statute deters illegal drug use and promotes public safety by "discouraging individuals who have [illegally] ingested controlled substances from operating motor vehicles and creating potentially dangerous driving conditions." *Id.* ¶ 23. This is a reasonable objective. And we reject Ainsworth's second uniform operation argument on that basis.

B

¶34   Ainsworth also challenges the district court's decision to order him to serve his three sentences consecutively. The court of

appeals rejected this argument under an abuse of discretion standard of review. We affirm.

¶35    Ainsworth does not claim that the district court failed to consider any of the factors it was required by law to account for. *See* UTAH CODE § 76-3-401(2). He complains only that the court abused its discretion by "fail[ing] to *adequately* consider" them. And he points to several potential mitigating factors that would support a decision to impose concurrent sentences.

¶36    That is insufficient. District courts have "wide latitude in sentencing." *State v. Bluff*, 2002 UT 66, ¶ 66, 52 P.3d 1210, *abrogated on other grounds by Met v. State*, 2016 UT 51, 388 P.3d 447. They exceed the bounds of their discretion only "when [they fail] to consider all legally relevant factors, or if the sentence imposed exceeds the limits prescribed by law." *Id.*

¶37    This showing has not been made here. We affirm the sentence imposed in this case because Ainsworth has not carried his burden of establishing an abuse of discretion.

III

¶38    For the reasons set forth above we reverse the court of appeals in part and affirm it in part. And we reinstate the judgment and sentence imposed against Ainsworth in the district court.