*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2019 UT 52**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

MATTHEW JAY HOLSTE,
*Petitioner*,

*v.*

STATE OF UTAH, GARY R. HERBERT, SEAN D. REYES,
DEPARTMENT OF CORRECTIONS, and ROLLIN COOK,
*Respondents*.

No. 20180390
Filed August 23, 2019

On Certiorari to the Utah Court of Appeals

Third District, Salt Lake
The Honorable Paul G. Maughan
No. 160904796

Attorneys:

Emily Adams, Bountiful, Cherise M. Bacalski, Orem,
Sara Pfrommer, North Salt Lake, for petitioner

Sean D. Reyes, Att'y Gen., Erin T. Middleton, Asst. Solic. Gen.,
Amanda N. Montague, Justin Anderson, Asst. Att'ys Gen.,
Salt Lake City, for respondents

CHIEF JUSTICE DURRANT authored the opinion of the Court, in
which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

### Introduction

¶1 Matthew Jay Holste pled guilty in Idaho to a sex offense that
required him to register as a sex offender. The entry of judgment was
withheld, and Mr. Holste was placed on probation for eight years,
after which the court set aside his plea. He moved to Utah and now
argues that he should not be required to register as a sex offender
here. The district court dismissed his motion for declaratory

judgment, and the court of appeals affirmed. Mr. Holste petitioned this court for a writ of certiorari, which we granted.

## Background

¶2    While living in Idaho, Matthew Holste pled guilty to one count of lewd conduct with a minor child under sixteen. The Idaho court withheld entry of judgment and placed Mr. Holste on probation for eight years. During this time, he was required to register as a sex offender in Idaho. Upon successful completion of his probation, the court set aside his plea. His rights were restored, but he is still required to register as a sex offender under Idaho law.

¶3    Sometime later, Mr. Holste moved to Utah and was informed by the Department of Corrections that he needed to register as a sex offender in Utah. He did so and has remained in compliance with the sex offender registry statute. He later filed a lawsuit seeking a declaratory judgment that he was not required to register in Utah. He argued that he was never actually convicted in Idaho, and therefore he did not fall into any of the registration categories under Utah Code section 77-41-105.

¶4    The Department of Corrections moved to dismiss, and the district court granted its motion. It held that Utah law requires all individuals to register in Utah if they must register in another jurisdiction. Mr. Holste appealed to the court of appeals, which affirmed the district court, holding that Utah Code section 77-41-105(3)(a) required Mr. Holste to register, regardless of whether he was convicted because he met the definition of an "offender." He then petitioned this court for certiorari, which we granted. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(a).

## Standard of Review

¶5    The central issue in this appeal is whether Utah Code section 77-41-105 requires individuals to register in Utah even though their conviction in another jurisdiction has been set aside. On certiorari, we review "the court of appeals' decision for correctness, without according any deference to its analysis."[1]

---

[1] *State v. Ainsworth*, 2017 UT 60, ¶ 13, 423 P.3d 1229.

**Analysis**

¶6 The court of appeals concluded that Mr. Holste is required to register as a sex offender in Utah because he meets the definition of an "offender" under the Utah sex offender registry statute. Mr. Holste concedes that he qualifies as an offender under the statute, because he is required to register in another state, but he argues that being an "offender" is not enough. He asserts that unless he is an offender who has been "convicted" in another jurisdiction, he is not required to register. After analyzing the language of Utah's sex offender registry statute,[2] we affirm the decision of the court of appeals on the ground that anyone who meets the statutory definition of the term "offender" is required to register. Additionally, we hold that even were we to assume that a "conviction" in another jurisdiction is required under the registration statute, we would nevertheless affirm the court of appeals because Mr. Holste was "convicted" for purposes of the statute.

I. Mr. Holste is Required to Register in Utah Based on
His Status as an Offender

¶7 Mr. Holste is required to register as a sex offender in Utah because he is included in the statutory definition of the term "offender." Section 77-41-105(1) of the Utah sex offender registry statute states that an "offender convicted by any other jurisdiction is required to register under . . . [s]ubsection 77-41-102(9) or (17)."[3] Subsections 77-41-102(9) and (17) define the terms "kidnap offender" and "sex offender" respectively.[4] The statute also clarifies that where

---

[2] The district court relied on the 2010 version of this statute, UTAH CODE § 77-27-21.5 (2010). But the parties and the court of appeals cited to the "current version" in 2018 because there were no relevant differences. UTAH CODE §§ 77-41-102, -105 (2018). The statute has since been amended, with some significant changes. So we cite to the 2018 version throughout this opinion.

[3] UTAH CODE § 77-41-105(1), (3) (2018).

[4] *Id.* § 77-41-102(9), (17). Subsection (17) identifies three main categories of sex offenders. *Id.* § 77-41-102(17) (listing the three main categories of sex offenders as someone (1) convicted in Utah of one of the enumerated offenses; (2) convicted in another jurisdiction of a crime substantially similar to the enumerated Utah offenses; or (3) required to register as a sex offender in another jurisdiction of

(Continued)

it uses the term "offender," it is referring to anyone who meets the statutory definition for either a kidnap offender or sex offender.[5] So, under this statutory scheme, a person must register on Utah's sex offender registry if they are included within the statutory definition of the terms "kidnap offender" or "sex offender." Mr. Holste qualifies as both a "sex offender" and an "offender" under this statute.

¶8 The statute defines "sex offender," in relevant part, as "any person" who "is required to register as a sex offender in any other jurisdiction of original conviction" or "who would be required to register as a sex offender if residing in the jurisdiction of the original conviction."[6] Mr. Holste concedes that he is required to register in Idaho and, therefore, he concedes that he meets the definition of both an "offender" and a "sex offender" under Utah law.

¶9 Yet Mr. Holste argues that, although he is an offender, he is not "convicted" in any other jurisdiction, and should not have to register. As we have explained, Utah Code section 77-41-105 states that an "offender convicted by any other jurisdiction is required to register under . . . Subsection 77-41-102(9) or (17)." Section 77-41-105 then sets forth the specific compliance requirements for registration, including requirements regarding the timing of registration. The

original conviction, required to register by any state, federal, or military court, or who would be required to register if living in the jurisdiction of original conviction). The relevant category for this case is found in subsection (17)(c)—individuals who are required to register as sex offenders in another jurisdiction, regardless of their conviction status. So we look to the statute to determine whether these individuals must also register in Utah, regardless of their conviction status.

[5] The registry statute also requires individuals who have been convicted of certain kidnap-related offenses to register in the same manner as sex offenders.

[6] UTAH CODE § 77-41-102(17) (listing the three main categories of sex offenders as someone (1) convicted in Utah of one of the enumerated offenses; (2) convicted in another jurisdiction of a crime substantially similar to the enumerated Utah offenses; or (3) required to register as a sex offender in another jurisdiction of original conviction, required to register by any state, federal, or military court, or would be required to register if living in the jurisdiction of original conviction).

court of appeals interpreted this statute as establishing the manner, or method, of registration for anyone who is required to register as a "sex offender" under subsection 77-41-102(17). Mr. Holste disagrees with this reading.

¶10 Under Mr. Holste's reading of section 77-41-105, a person who was required to register in another jurisdiction, but was not convicted, would not be required to register in Utah. So his reading of section 77-41-105 effectively creates a new category of offender who is exempt from registration in Utah. We find the court of appeals' reading to be more consistent with the statutory text.

¶11 We read section 77-41-105 as establishing the requirements for when and how "offenders" register.[7] Significantly, this registration provision does not provide a separate definition of offender. Instead, it refers back to the definition provided in section 77-41-102, by stating that offenders convicted in another jurisdiction are required to register under subsection 3 *and section 77-41-102(17)*.[8] And we do not read anything in the language of section 77-41-105 as creating an exception to the general definition of "sex offender" provided in section 77-41-102(17).

¶12 Mr. Holste argues that the "*convicted by any other jurisdiction*" language creates such an exception.[9] In other words, he argues that, although he is an offender, he is not an offender "convicted" in any other jurisdiction, and so he should not be required to register. As discussed below, we find that he is "convicted" for purposes of the sex offender registry. But even absent that determination, we conclude that when this phrase is read in conjunction with the rest of section 77-41-105, and with the rest of the sex offender registry statute, it cannot reasonably be read as creating an exemption for certain types of "offenders," or as creating a class of offenders that is not required to register. In other words, "offenders" in this category must register in Utah, regardless of their conviction status in another jurisdiction, if the other jurisdiction requires them to register.

¶13 By looking to section 77-41-105 as a whole, it appears "convicted in another jurisdiction" only serves to distinguish between those required to register out of state versus those required

---

[7] *Id.* § 77-41-105.

[8] *Id.* § 77-41-105(1).

[9] *Id.* (emphasis added).

to register in Utah, because those two groups have slightly different procedural requirements for registration.

¶14 This interpretation is supported by other provisions in the sex offender registry statute. Under the statute, if an offender commits a crime in another state that does not require registration, but that crime is substantially similar to a Utah crime that would require registration here, the offender must register here.[10] And if that offender commits a crime in another jurisdiction and that jurisdiction requires registration, he or she must also register here.[11] Essentially, the statute makes clear that an offender cannot come to Utah to escape registration requirements that would be imposed in another state.[12]

---

[10] *Id.* § 77-41-102(17)(b). The State conceded at oral argument that it does not seek to apply this section to Mr. Holste. Accordingly, we express no opinion on whether Mr. Holste meets the requirements under subsection (17)(b)—convicted of a substantially similar offense.

[11] *Id.* § 77-41-102(17)(c). This is true regardless of whether Utah would have independently required the individual to register for having committed that crime in Utah—i.e., it is a separate category from the "substantially similar" offenses category.

[12] While this statutory language is clear, and we need not resort to legislative history, we nevertheless note that this concern was specifically addressed in the house committee discussions for the 2006 amendments to the sex offender registry statute. *Sex Offender Amendments: Hearing on H.B. 158 Before the H. Comm. on Law Enforcement and Criminal Justice*, 56th Leg., 2006 Gen. Sess. (Feb. 3, 2006) at 1:14:00–1:14:42, http://utahlegislature.granicus.com/MediaPlayer.php?view_id=2& clip_id=11891 ("This bill would help ensure . . . we wouldn't have this state as a dumping ground from other states. For instance, there has been some talk that there are offenders that are shopping for a state that would be more friendly to their circumstances. They may be required to register as a sex offender in one state, but perhaps other states may not be so restrictive. And so we want to be careful and we feel like this bill helps address those concerns and making it so that Utah is not a more friendly state for those [sex offenders] that may want to come here.").

¶15 So when all of the provisions of the sex offender registry statute are read together, we find no indication that the legislature intended for someone who meets the definition of "sex offender" to nevertheless be exempt from the registration requirement under the statute. Accordingly, even were we to accept Mr. Holste's argument that he was not "convicted" in another jurisdiction, he would still qualify as an offender, and be required to register.

## II. Mr. Holste Is Required to Register as a Sex Offender in Utah Because He Was Convicted in Idaho

¶16 As discussed above, because Mr. Holste qualifies as an "offender," he is required to register regardless of whether he was "convicted" in another jurisdiction. But even were we to read the sex offender registry statute to require conviction as Mr. Holste argues, we would nevertheless affirm the court of appeals because we conclude that he has been convicted in another jurisdiction. Mr. Holste argues that he was not "convicted" in another jurisdiction, because his conviction was set aside in Idaho after he completed probation. The sex offender registry statute does not explicitly define "convicted" or "conviction." But based on Idaho law, we conclude that Mr. Holste was "convicted" for purposes of the sex offender registry.

### A. Mr. Holste is "convicted" under Idaho statutes and case law

¶17 Utah's sex offender registry statute requires individuals to register "who [are] required to register as a sex offender in any other jurisdiction of original conviction, who [are] required to register as a sex offender by any state, federal, or military court, or who would be required to register as a sex offender if residing in the jurisdiction of the original conviction."[13] Mr. Holste argues that he is not required to register because he was never "convicted" in Idaho. Although our statute does not contain a specific definition of "convicted" or "conviction," we hold that Idaho law, as the "jurisdiction of original conviction," controls the meaning of the term "conviction" in this case.

---

[13] UTAH CODE § 77-41-102(17)(c); *id.* § 77-41-105 ("An offender convicted by any other jurisdiction is required to register under" Utah Code sections 77-41-105(3) and 77-41-102(17).).

¶18 Idaho law allows for withholding of entry of judgment, similar to a plea in abeyance under Utah law.[14] Normally, when a withheld judgment is set aside, it makes the judgment a legal nullity, "as if it had never been rendered at all."[15] But that is not true for sex offenses. Under Idaho Code section 18-8304, a person is "convicted" of a sex offense if the person has pled "guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment."[16] Importantly, even when a withheld judgment is later set aside, a guilty plea to a sex offense is still considered a conviction.[17] Because of this, sex offenders in Idaho must continue to register even when their guilty pleas have been set aside.[18]

¶19  Although Mr. Holste does not believe that he is "convicted," he concedes that he must still register as a sex offender in Idaho. And he concedes that because he is required to register in Idaho, he meets the definition of "offender" and "sex offender" under Utah Code section 77-41-102. He argues that he is only "convicted" in Idaho for the purposes of the sex offender registry. But that is the exact determination we are tasked with making here—whether he is required to register as a sex offender. And he is "convicted" of a crime in Idaho that requires him to register as a sex offender in Idaho. So he is "convicted" in Idaho for purposes of registration and is therefore obligated to register in Utah.

### B. Mr. Holste would also be "convicted" under Utah law

¶20  As discussed, the statute seems to make clear that we would look to the jurisdiction of original conviction to determine whether an individual is "convicted" in that jurisdiction. But even were we to look to Utah law for guidance on whether someone is "convicted," we would still consider Mr. Holste to be convicted based on the definition of "convicted" elsewhere in Utah law. The sex offender

---

[14] *See* IDAHO CODE § 19-2604; UTAH CODE § 77-2a-3(3).

[15] *State v. Parkinson*, 172 P.3d 1100, 1103 (Idaho 2007), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 265 P.3d 502 (Idaho 2011).

[16] IDAHO CODE § 18-8304.

[17] *State v. Robinson*, 142 P.3d 729, 733 (Idaho 2006); *State v. Perkins*, 13 P.3d 344, 348 (Idaho Ct. App. 2000).

[18] *State v. Conforti*, No. 35414, 2008 WL 9469539, at *3 (Idaho Ct. App. Oct. 24, 2008).

registry statute does not explicitly define "convicted" or "conviction." But other provisions in the Utah Code indicate that a plea in abeyance is considered a "conviction" for purposes of the sex offender registry statute.[19] So while the sex offender registry statute does not define "convicted," other provisions referencing that section define conviction to include pleas in abeyance for purposes of sex offender registration.

¶21 A plea in abeyance is similar to the Idaho process of withholding and setting aside a judgment. If, under Utah law, an individual would still be required to register after having a plea in abeyance set aside, it logically follows that if the individual went through a similar process in another jurisdiction, he or she would fall under the purview of Utah's registration statute. We find it unlikely that the legislature would have intended that an individual not be required to register in Utah when they are required to register in another state, and would be required to register in Utah had they undergone the same plea process in Utah.

## Conclusion

¶22 Mr. Holste stands convicted in Idaho of a sex crime and must register as a sex offender in Idaho. Because of that, he must also register as a sex offender in Utah. Accordingly, we affirm.

---

[19] *See, e.g.*, UTAH CODE § 76-9-702(2)(c) ("For purposes of this [statute] and [the sex offender registry statute], a plea of guilty or nolo contendere to a charge under this section that is held in abeyance . . . is the equivalent of a conviction. . . . This [section] also applies if the charge . . . has been subsequently reduced or dismissed in accordance with the plea in abeyance agreement."); *id.* § 76-9-702.1(4) (same).