**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 7, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

THOMAS RANDALL AINSWORTH,

Petitioner - Appellant,

v.

ROBERT POWELL, Warden,

Respondent - Appellee.

No. 21-4038
(D.C. No. 2:17-CV-01205-RJS)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Thomas Randall Ainsworth seeks a certificate of appealability (COA) to appeal

the judgment denying his 28 U.S.C. § 2254 habeas corpus petition and an order

dismissing his post-judgment motion as an unauthorized second or successive habeas

petition.  We deny his request for a COA and dismiss this matter.  We also deny his

request for authorization to file a second or successive § 2254 habeas petition.

## I.  BACKGROUND

This case concerns two criminal offense classifications under Utah law for

negligent operation of a motor vehicle causing serious bodily injury or death.  The

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offense could be a second-degree felony under the "measurable substance" statute if the person had "any measurable amount of a [Schedule I or Schedule II] controlled substance" in their body. Utah Code Ann. § 58-37-8(2)(g)(i); *see also id.* § 58-37-8(2)(h)(i) (second-degree felony if involving Schedule I or II controlled substance). Or the offense could be a third-degree felony under the "DUI" statutory scheme if the person was "under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle." *Id.* § 41-6a-502(1)(b); *see also id.* §§ 41-6a-503(2)(a) (third-degree felony if causing serious bodily injury), 76-5-207(2)(a)(ii) (same if causing automobile homicide).

Ainsworth was charged in Utah state court with, among other things, three second-degree felony counts under the measurable-substance statute stemming from a motor vehicle accident that occurred when he drove across a median and hit another car. Two adults in the other car were seriously injured and their eighteen-month-old son was killed. Ainsworth told police he lost control of his car when he reached for his cell phone on the floorboard of the car. A blood test showed Ainsworth had 0.2 mg/L of methamphetamine in his system. Methamphetamine is a Schedule II substance. *See id.* § 58-37-4(2)(b)(iii)(B).

Ainsworth moved to amend the information to charge him with third-degree felonies under the DUI statutory scheme on the ground that the measurable-substance statute violated the Utah Constitution's Uniform Operation of Laws Clause and the due

2

process clauses of the Utah and United States Constitutions.[1]  He argued the

measurable-substance statute imposed a harsher penalty for what he viewed as

less-culpable conduct—the DUI offense requires proof the driver was impaired but the

measurable-substance offense does not.  The trial court denied the motion.  Ainsworth

then pled guilty to the three measurable-substance offenses but reserved his right to

appeal, among other things, the denial of his motion to amend the information.  He was

sentenced to three consecutive prison sentences of three to fifteen years.

Ainsworth was successful on direct appeal to the Utah Court of Appeals, which

agreed with his argument that the measurable-substance statute violated the Uniform

Operation of Laws Clause.  Accordingly, the Court of Appeals vacated Ainsworth's

convictions and remanded for entry of third-degree felony convictions and for

resentencing.  It did not reach Ainsworth's due process argument.

The State then obtained review in the Utah Supreme Court (USC), which reversed.

*See State v. Ainsworth*, 423 P.3d 1229, 1231 (Utah 2017).  The USC concluded that the

measurable-substance "provisions do not define a 'lesser crime'" than the DUI

provisions, and that "offenders under [the measurable-substance] provisions are not 'less

culpable.'"  *Id.* at 1233.  The USC explained:  "Schedule I and II drugs are those viewed

---

[1] The Uniform Operation of Laws Clause states:  "All laws of a general nature shall have uniform operation."  Utah Const. art. 1, § 24.  The Fourteenth Amendment's Due Process Clause prohibits states from depriving "any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  The Utah Constitution's Due Process Clause provides that "[n]o person shall be deprived of life, liberty or property without due process of law."  Utah Const. art. 1, § 7.

3

as having a greater potential for abuse and a greater risk of dependence than other controlled substances." *Id.* at 1234. And "[t]hat concern can certainly sustain a rational decision by the legislature to punish the use of these substances more harshly than the use of other substances." *Id.* The USC added that "the legislature apparently . . . considered the use of a Schedule I or II drug a sufficient concern that it deemed the mere presence of such a substance adequate to trigger a second degree felony—even without proof of impairment. And that is its prerogative." *Id.* at 1235. The USC stated it was "in no position to second-guess that decision by concluding that we think the element of impairment a more significant aggravator than the presence of a particular drug." *Id.* Accordingly, the USC concluded that there was no violation of the Uniform Operation of Laws Clause. The USC considered Ainsworth's argument that the measurable-substance statute violated his due process rights "a mere restatement of the uniform operation challenge" and rejected it for the same reasons. *Id.* at 1233 n.3.[2]

Ainsworth then pursued § 2254 relief pro se, arguing the measurable-substance statute's second-degree felony designation, as compared with the third-degree felony DUI designation, violated his substantive due process rights because it is not rationally related to a legitimate state interest. The district court denied his habeas petition because Ainsworth had "not met his burden of finding on-point United States Supreme Court precedent and arguing that the Utah Supreme Court unreasonably applied it." R., Vol. II

---

[2] A substantive due process analysis also involves a rational-basis test, at least where fundamental liberty interests are not at stake. *See Washington v. Glucksberg*, 521 U.S. 702, 728 (1997).

at 39.  The district court itself searched for any such precedent and found none.  *See id.*

The court also denied a COA.

Ainsworth moved for relief under Federal Rule of Civil Procedure 60(b), raising

multiple issues.  The district court determined that the motion was an unauthorized

second or successive § 2254 petition and denied it after determining it was not in the

interests of justice to transfer the successive petition to this court.  The district court again

denied a COA.

Ainsworth has filed a pro se combined COA application and opening brief (COA

Application) seeking review of both rulings.

## II.  COA STANDARD

To appeal the denial of a § 2254 petition or the dismissal[3] of an unauthorized

second or successive § 2254 petition, a petitioner must first obtain a COA.  *See* 28 U.S.C.

§ 2253(c)(1)(A); *cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008)

(holding that the "dismissal of an unauthorized § 2255 motion is a final order in a

proceeding under [§] 2255 such that § 2253 requires [a] petitioner to obtain a COA

before he or she may appeal" (internal quotation marks omitted)).  To obtain a COA on

claims the district court denied on the merits, a petitioner must make "a substantial

showing of the denial of a constitutional right," § 2253(c)(2), such "that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or

wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For claims the district court

---

[3] Although the district court said it was denying the post-judgment motion, we construe its ruling as a dismissal.

denied on a procedural ground without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

Our consideration of Ainsworth's request for a COA must incorporate the "deferential treatment of state court decisions" mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). We therefore "look to the District Court's application of AEDPA to [Ainsworth's] constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

We liberally construe Ainsworth's pro se filings, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III.  DISCUSSION

A.    **Denial of § 2254 petition**

Ainsworth first argues that in denying his § 2254 petition, the district court did not afford his pro se filings a liberal construction when it said that because Ainsworth "did not acknowledge the standard of review, he did not even begin to meet his burden to show that the Utah Supreme Court applied the wrong United States Supreme Court precedent and/or unreasonably applied that precedent." R., Vol. II at 37. Ainsworth contends he was not required to cite any legal authorities in the district court because this court's instructions to pro se litigants seeking a COA state that such litigants are encouraged, but not required, to cite legal authorities.

6

This argument fails for several reasons.  First, the district court did not deny the petition because of any failure to cite cases regarding the standard of review.  Rather, the court observed only that Ainsworth had not properly framed his argument by identifying any United States Supreme Court precedent the USC might have misapplied.  The district court made this clear later in its decision when it stated it was "den[ying] habeas-corpus relief" because Ainsworth had "not met his burden of finding on-point United States Supreme Court precedent and arguing that the Utah Supreme Court unreasonably applied it."  *Id.* at 39.  Second, our instructions to pro se litigants seeking a COA do not apply in the district court, and Ainsworth has not suggested the district court instructs pro se habeas petitioners that they need not cite any legal authorities.  Third, even if pro se habeas petitioners are not required to cite legal authority in the district court, the district court in this case reported that it had "searched for on-point United States Supreme Court precedent to assess whether [the] Utah Supreme Court unreasonably applied the rational-basis analysis" and had "found nothing on-point."  *Id.*  Hence, reasonable jurists would not debate whether the district court afforded Ainsworth's pleadings the liberal construction to which they were entitled.

Ainsworth also argues that the USC did not rule on the merits of his substantive due process claim when it declined to treat the claim separately but instead considered it "a mere restatement of the uniform operation challenge."  *Ainsworth*, 423 P.3d at 1233 n.3.  He therefore posits that § 2254(d)'s deferential review does not apply.  We conclude reasonable jurists would not debate the district court's interpretation of the USC's statement to mean the USC rejected any due process claim for the same reasons it

7

rejected his uniform-operation challenge and therefore was a merits adjudication. The USC expressly stated it was doing so when it explained that although Ainsworth "vaguely asserts a due process basis for his [rational basis] challenge[,] . . . he does not identify a distinct basis in the Due Process Clause for his constitutional challenge." *Id.* The USC determined Ainsworth had "just recast[] his uniform operation arguments in due process terms," arguing "that the measurable substance classification falls short under the Due Process Clause because there is no rational basis for punishing the (purportedly lesser) measurable substance offense more harshly than the DUI offense." *Id.* For these reasons, the USC elected not to "treat the due process claim *separately* in [its] opinion," but instead "treat[ed] it as Ainsworth does—as a mere restatement of the uniform operation challenge—and *reject[ed] it* for [the] reasons set forth" in its discussion of the uniform-operation challenge. *Id.* (emphasis added). Clearly, the USC considered and rejected the due process argument on the merits. And contrary to Ainsworth's argument, the district court did the same.

Ainsworth next advances a semantic argument that does not withstand examination. In describing the DUI and measurable-substance offenses, the district court characterized them as "analogous." R., Vol. II at 33. Ainsworth contends the court's recognition of the two offenses as "analogous" contradicts its conclusion that the USC's rational-basis analysis is constitutional. We disagree. The district court did not rule that the USC's rational-basis analysis was constitutional. It held that Ainsworth failed to show that the USC's analysis was *un*constitutional. Furthermore, "analogous" does not mean "identical"; it means "similar or comparable to something else either in general or

8

in some specific detail." *Merriam-Webster.com Dictionary*, "analogous," https://www.merriam-webster.com/dictionary/analogous (last visited Jan. 26, 2021). The district court's use of "analogous" does not contradict its denial of Ainsworth's § 2254 petition.

Ainsworth also takes issue with the USC's merits analysis. He argues that because Schedule I and II drugs are necessarily included in the DUI scheme's reference to "any drug," Utah Code Ann. § 41-6a-502(1)(b), "[t]here is no rational basis, or legitimate governmental objective, for punishing individuals who have 'any measurable amount' of a controlled substance in their body more harshly than individuals who have an incapacitating amount of a controlled substance in their bodies," COA Appl. at 21 (emphasis omitted).

This argument misses the § 2254(d)(1) target. In the absence of "a fundamental liberty interest protected by the Due Process Clause," the Constitution requires only that a law "be rationally related to legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997).[4] But the substantive-due-process question in federal habeas is not, as Ainsworth appears to argue, whether the Utah legislature had a rational basis for increasing the penalty for drivers who negligently cause serious bodily harm or death with a measurable amount of a Schedule I or II substance in their bodies,

---

[4] In the district court, Ainsworth argued only that his due process rights were violated because the measurable-substance statute "is not rationally related to a legitimate state interest." R., Vol. I at 196; *see also id.* at 207-10 (additional rational-relationship argument). He repeats that argument here and does not suggest any form of heightened scrutiny applies.

regardless of impairment.  The question is whether the USC's decision that the legislature had a rational basis for doing so "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1).[5]

As recounted above, the USC explained why the distinction drawn between DUI and measurable-substance offenses has a rational basis.  The first step in determining whether the USC's determination was contrary to or an unreasonable application of United States Supreme Court precedent is to identify the relevant Supreme Court precedent.  *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1).").  Ainsworth has never identified, nor are we aware of, a Supreme Court case indicating that the USC's decision is contrary to clearly established federal law, which occurs when (1) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases" or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent."  *Id.* (brackets and internal quotation marks omitted).

---

[5] The alternative basis for granting habeas relief under § 2254(d), that a state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2), applies to matters of "historical fact," not "mixed question[s] of law and fact" or "legal determination[s]," *Gilson v. Sirmons*, 520 F.3d 1196, 1233-34 (10th Cir. 2008).  Section 2254(d)(2) is inapplicable here because the underlying issue in this case—whether the differing penalties established by the DUI and measurable-substance provisions violate substantive due process—is a constitutional question, not solely a matter of historical fact.

Nor has Ainsworth identified any Supreme Court precedent that the USC might have unreasonably applied. "A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts." *Id.* Arguably, the only "governing legal rule" here is the rational-basis test, but it is "one of the most deferential formulations of the standard for reviewing legislation," *United States v. Comstock*, 560 U.S. 126, 151 (2010) (internal quotation marks omitted) (Kennedy, J., concurring in judgment). To satisfy that test, a "'law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it.'" *Id.* (quoting *Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 487-88 (1955)).

When encountering a general rule such as the rational-basis test, courts have "more leeway . . . in reaching outcomes in case-by-case determinations." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). Thus, "[a]n application of Supreme Court law may be incorrect without being unreasonable." *Stouffer v. Trammell*, 738 F.3d 1205, 1221 (10th Cir. 2013). Importantly, a decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Id.* (internal quotation marks omitted); *see Williams v. Taylor*, 529 U.S. 362, 409-10 (2000) (determining whether there has been an unreasonable application of clearly established federal law is an objective inquiry).

11

Having examined the USC's reasoning and taking into account the leeway the general rational-basis test affords courts, we conclude that not all fairminded jurists would agree that the USC "got it wrong" when it concluded that "Schedule I and II drugs are those viewed as having a greater potential for abuse and a greater risk of dependence than other controlled substances," *Ainsworth*, 423 P.3d at 1234, and that the Utah "legislature apparently . . . considered the use of a Schedule I or II drug a sufficient concern that it deemed the mere presence of such a substance adequate to trigger a second degree felony—even without proof of impairment," *id.* at 1235.  The fact that negligently operating a motor vehicle and causing serious bodily injury or death with an impairing amount of a Schedule I or II controlled substance in the body could be a third-degree felony under the DUI scheme's reference to "any drug" is not an inconsistency that renders irrational the decision to increase the penalty to a second-degree felony based on any measurable amount of such a substance.  Fairminded jurists could not disagree with the USC's conclusion that it was the Utah legislature's prerogative to view the presence of a Schedule I or II controlled substance as a more significant aggravator than impairment.

For the foregoing reasons, we conclude that reasonable jurists would not debate the correctness of the district court's denial of Ainsworth's § 2254 petition.  Accordingly, we deny a COA to appeal the judgment denying the petition.

**B.    Post-judgment motion and request for authorization under § 2244(b)**

The remainder of Ainsworth's COA Application either concerns the district court's denial of his post-judgment motion or reiterates substantive habeas claims he

asserted in that motion. The court determined that the motion, nominally filed under Federal Rule of Civil Procedure 60(b), was an unauthorized second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(2)-(3) (setting out requirements and authorization procedures for filing second or successive § 2254 petitions).

In his COA Application, Ainsworth effectively concedes his "Motion For Relief" (i.e., his post-judgment motion) was a successive habeas petition, because he asks us to "grant him authorization to proceed with his Motion For Relief ('new issues')." COA Appl. at 41. And our own review confirms that his post-judgment motion was not a true Rule 60(b) motion. Ainsworth's motion did not raise any "defect in the integrity of the federal habeas proceedings," which is not subject to the authorization requirement for second or successive § 2254 petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). He instead advanced "new ground[s] for relief" or "attack[ed] the federal court's previous resolution of a claim on the merits," which do require prior authorization. *Id.* (emphasis omitted). Specifically, Ainsworth asserted federal constitutional claims regarding his conviction and sentence under the Equal Protection, Due Process, and Privileges and Immunities Clauses. He asked the district court to apply the rule of lenity. He argued that the blood draw that detected methamphetamine in his system violated his Fourth Amendment rights. He asserted that his guilty plea was not knowing and voluntary. And he contended that his counsel was ineffective.[6] Because these claims presented new

---

[6] He also alleged he had inadequate access to a law library and sought relief under the Utah Constitution. The district court informed Ainsworth that his access claim must be asserted in a separate action under 42 U.S.C. § 1983 and that federal habeas relief is available only for errors of state law.

grounds for habeas relief or took issue with the district court's previous merits resolution, reasonable jurists would not debate the correctness of the district court's denial of the post-judgment motion as an unauthorized second or successive § 2254 petition.

Ainsworth also argues that the district court erred in refusing to transfer the motion to this court for authorization. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so . . . ."). But he does not address the district court's reason for refusing to do so, which was that all of the claims advanced in his motion were subject to anticipatory procedural bar.[7] He argues only that when the district court characterized the DUI and measurable-substance provisions as "analogous," it "opened the door" for him to raise new issues because the court's statement constitutes "newly discovered evidence" for Rule 60(b)(2) purposes. COA Appl. at 28-29. But the statement is not "evidence," so this argument is meritless, even if construed as an attempt to satisfy § 2244(b)(2)(B), which allows the filing of a second or successive § 2254 claim based on a previously undiscoverable "factual predicate." And to the extent this argument is an attempt to satisfy § 2244(b)(2)(A), which allows the filing of a second or successive § 2254 claim if a petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on

---

[7] "Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (internal quotation marks omitted).

collateral review by the Supreme Court, that was previously unavailable," the argument necessarily fails, because Ainsworth relies on the district court's statement in this case, not on any Supreme Court precedent.

We conclude that Ainsworth has not met his burden to show reasonable jurists could debate the correctness of the district court's refusal to transfer the motion to this court. We need not elaborate on the specific grounds the district court gave for doing so. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (explaining that when an "opening brief does not challenge the [district] court's reasoning on [a] point[,] . . . [w]e . . . do not address the matter"). But we note that a more fundamental reason dooms Ainsworth's challenge to the district court's refusal to transfer the motion and his request in this court that we grant authorization—his wholesale failure to address the § 2244(b)(2) requirements for authorization of a successive petition. Even if Ainsworth had attempted to address those requirements, he would have failed, because none of the claims in his motion rely on a new rule of constitutional law that the Supreme Court has made retroactively applicable on appeal, § 2244(b)(2)(A), or on any factual predicate he could not have previously discovered "through the exercise of due diligence," § 2244(b)(2)(B)(i). Accordingly, reasonable jurists would not debate whether the interests of justice required the district court to transfer the post-judgment motion to this court for authorization.

For the foregoing reasons, we deny a COA to appeal the dismissal of the post-judgment motion. We also deny Ainsworth's express request that we authorize

15

filing of his post-judgment motion as a second or successive § 2254 petition because he fails to meet the standards for authorization in § 2244(b)(2).

## IV.  CONCLUSION

We deny a COA and dismiss this matter.  We also deny authorization to file the post-judgment motion as a second or successive § 2254 petition.  The denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).  We grant Ainsworth's IFP motion but remind him that he is required to pay the full amount of the appellate filing and docketing fees immediately.  *See* 28 U.S.C. § 1915(a)(1) (excusing only "*pre*payment of fees" (emphasis added)).

Entered for the Court

Nancy L. Moritz
Circuit Judge